## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CITY OF JAY, a Municipal Corporation.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 05-CV-668-TCK-SAJ** |
| ) | |
| **R.J. TRANSPORTATION, INC., an** ) | |
| **Oklahoma Corporation; CANAL** ) | |
| **INSURANCE COMPANY;** ) | |
| **CUSTARD INSURANCE** ) | |
| **ADJUSTER, INC., an Indiana** ) | |
| **Corporation,** ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Docket No. 10), filed December 1, 2005.

On October 24, 2005, Plaintiff the City of Jay (the "City") filed suit in the District Court for

Delaware County.  The City's claims arise from a spill that occurred when a tanker truck carrying

fuel overturned near Jay, Oklahoma.  The City alleges to have been authorized by a representative

of Defendant Custard Insurance Adjuster, Inc. to take all steps necessary to clean up and make safe

the area of the fuel spill.  In so doing, the City incurred costs for labor and services in the amount

of $25,110.00, which they claim must be reimbursed by Defendants.  In Paragraph 12 of the Petition,

the City alleges as follows:

> R.J. Transportation, Inc. was the party responsible for the removal and remediation
> of the contamination of the roadway and adjacent area pursuant to the Resource,
> Conservation, and Recovery Act, 42 U.S.C. §§ 6972-73, 6991-6991i; Federal Oil
> Pollution Act of 1990, 33 U.S.C. §§ 2701-61; Federal Clean Water Act, 33 U.S.C.
> §§ 1251-1387 [and similar Oklahoma state environmental statutes].

(Pet. ¶ 12.)  The City then goes on to allege state law causes of action for breach of contract, unjust enrichment, and negligence, seeking the sum certain amount of $25,110.00.

On November 23, 2005, Defendants removed to this Court under 28 U.S.C. § 1441(b), stating  that the City has alleged claims "arising under" 42 U.S.C. §§ 6972-73, 6991-6991i; 33 U.S.C. §§ 2701-61; and 33 U.S.C. §§ 1251-1387.  On December 1, 2005, the City filed a Notice of Dismissal, dismissing all claims arising under any federal statutes, to the extent the Court construed the Petition to include such claims.  On December 1, 2005, the City filed a Motion to Remand stating that, although the Petition references federal statutes, the City has not asserted a cause of action arising under federal law but instead has asserted purely state common law causes of action (breach of contract, unjust enrichment, and negligence).  The City further argued that, if and to the extent the Petition could be construed to assert a theory of recovery under the cited federal statutes, the City has dismissed said claims.

As a general rule, "most courts will not permit a plaintiff to precipitate a remand of the action to the state court by amending the complaint to eliminate the federal claim that was the basis for the removal."  *See* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 14B *Federal Practice and*

*Procedure* § 3722 n.101 (3d ed. 1998) (citing cases); *Gonzales v. City of Mesa*, 779 F. Supp. 1050 (D. Ariz. 1991) (when court obtained subject matter jurisdiction over state claims when they were removed with federal claims, dismissal of federal claims did not require remand of state claims).  However, if removal was initially proper and the federal claims are subsequently dismissed either voluntarily or by the Court, the Court has discretion to exercise supplemental jurisdiction over the remaining state law claims or to dismiss or remand them at that time.  *See Friedlob v. Trustees of*

2

*Alpine Mut. Fund Trust*, 905 F. Supp. 843, 860 (D. Colo. 1995) ("When supplemental jurisdiction is founded solely upon a federal question, and the federal claim is dismissed, a district court is free to dismiss the remaining state claims without prejudice to renew them in state court."). In this case, any potential federal claims have been voluntarily dismissed by Plaintiff and no longer remain in the case.  While this does not automatically defeat removal, it does invoke the Court's discretion to exercise supplemental jurisdiction or to dismiss or remand the case to state court.  Due to the early stages of litigation and the Plaintiff's choice of forum, which is entitled to great weight, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  *See Litka v. Univ. of Detroit Dental Sch.*, 610 F. Supp. 80, 86 (E.D. Mich. 1985) (finding that exercise of pendent jurisdiction was not warranted and remanding case to state court).

Anticipating this decision by the Court, Defendant argues in its response to the motion to remand that, irrespective of the City's dismissal of references to or claims arising under federal statutes, Plaintiff's claims still "arise under" federal law because the Oklahoma environmental statutes are "inextricably interlinked" with federal law and federal requirements.  Defendants do not cite any case law for its position.  Even assuming the state statutory scheme is related to federal law, the Court's research indicates this is insufficient to confer federal question on the Court.  *See* Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, 13B *Federal Practice and Procedure* § 3563 n.15 (2d ed. 1984) (where state law incorporates federal law or federal standards, "the sounder view [is that this does not confer jurisdiction] and would find jurisdiction only when federal law is applicable by its own force"); *Nuclear Engineering Co. v. Scott*, 660 F.2d 241 (7th Cir. 1981) (where plaintiff's claims were predicated upon state law that at most incorporated federal law in

3

tangential respects, this was insufficient to allow the state law claims to be construed as essentially federal in character).

It is therefore ORDERED that Plaintiff's Motion to Remand (Docket No. 10) is GRANTED and the case is hereby REMANDED to the District Court for Delaware County, Oklahoma.  The Court finds that an award of fees pursuant to 28 U.S.C. § 1447(c) is not appropriate in this case and that the parties shall bear their own costs.

**IT IS SO ORDERED this 21st day of FEBRUARY, 2006.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**